[Civ. No. 14856. Second Dist., Div. One. July 26, 1945.]

INEZ M. SCHULTZ, Appellant, v. HENRY C. SCHULTZ, Respondent.

H. Sidney Laughlin for Appellant.

George H. Pratt for Respondent.

WHITE, J.—This is an appeal by plaintiff from an order of the superior court dismissing an action pursuant to the provisions of the second paragraph contained in section 581a of the Code of Civil Procedure, which, in part, provides that "all actions . . . must be dismissed . . . if summons has been served, and no answer has been filed, if plaintiff . . . has failed to have judgment entered within three years after service of summons."

Plaintiff also attempts to appeal from an order denying her motion to set aside the foregoing order, but the same must be dismissed because it is at once apparent that the attempt to appeal from the order refusing vacation of the order of dismissal is but a repetition of plaintiff's appeal from such last-mentioned order. "As to the order denying the motion to vacate the judgment, under the settled law of this state an appeal will not lie from such order if the grounds upon which the moving party sought to have the judgment vacated existed before the entry of the judgment and were available on appeal therefrom. (Citing cases.)" (*Mather* v. *Mather*, 22 Cal.2d 713, 720 [140 P.2d 808].)

In the action with which we are here concerned, summons was served upon defendant and no answer was ever filed. After more than four years had elapsed following service of summons, the court on its own motion dismissed the action on August 30, 1944, under the authority conferred by section 581a of the Code of Civil Procedure.

The action here in question is one for separate maintenance and the record before us discloses, in chronological order, the following steps taken in the litigation from its inception up to the order of dismissal.

*Dec. 27, 1939,* Complaint filed, summons, order to show cause *re* support pendente lite, costs and attorney fees, and temporary restraining order issued and duly served upon the defendant.

*Dec. 29, 1939,* On affidavit of defendant, temporary restraining order modified in part.

*Jan. 5, 1940,* Order to show cause *re* alimony pendente lite, costs, attorney fees and restraining order called for hearing, and continued to February 1, 1940. In the minute order appears the following: "By stipulation, as to restraining order, to be written and filed."

*Jan. 10, 1940,* Stipulation entered into between the parties under date of January 5, 1940, filed, providing for payment by defendant of plaintiff's attorney fees and further providing "*that the plaintiff herein will not enter default against the defendant, Henry C. Schultz, except upon and after serving the Attorney of Record for said defendant with written notice of her intention to enter the same, unless the defendant plead within 10 days after service of said written notice,*" and "*that this stipulation in no manner constitutes a waiver of any legal right whatsoever or an admission of any liability, of either of the parties.*" (Emphasis added.)

*Feb. 1, 1940,* Pursuant to the foregoing order of continuance under date of January 5, cause again called and ordered off calendar.

*Aug. 19, 1944,* Amended complaint and supplemental complaint filed. Order to show cause and temporary restraining order returnable Aug. 28, 1944, issued.

*Aug. 21, 1944,* Amended complaint, supplemental complaint, order to show cause and temporary restraining order served on defendant.

*Aug. 28, 1944,* Foregoing order to show cause and restraining order of August 19 called for hearing and continued to September 14, 1944.

*Aug. 30, 1944,* Following minute order entered: "It appearing to the court from an examination of the record herein that this action should be dismissed under the provisions of Section 581-a of the Code of Civil Procedure; now, therefore, upon the court's own motion the above entitled action is hereby dismissed."

Appellant earnestly contends that, because of the above quoted stipulation, the court was without power to enter the defendant's default and therefore the provisions of section 581a were inapplicable. This argument is not impressive. In *Lynch* v. *Bencini,* 17 Cal.2d 521, 531 [110 P.2d 662], it was held that the last paragraph of the code section imposes a duty upon the plaintiff to have judgment entered within three years after service of summons, with a resulting benefit to the

defendant, and casts a specific penalty upon a plaintiff when he fails to perform the duty imposed upon him. The case just cited further holds, at page 532, that whenever there is a failure on the part of the plaintiff to perform the aforesaid duty, the court "must dismiss the action," and must do so "on its own motion"; and furthermore, that "it is error for the court to fail to perform this duty directly imposed upon it." "That the statute is 'jurisdictional' in the sense that the court has no power to excuse delay" and is empowered "to act only in a certain way, that is, by ordering a dismissal" was the holding in *Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118].

In the case at bar, the plaintiff, under the stipulation, at all times during the statutory period of three years following service of the summons, had it within her power to give the defendant 10 days' notice of her intention to enter his default unless he "plead within 10 days after service of said written notice." Appellant's contention that section 581a is in reality a statute of limitations, may be waived by the party benefited thereby, and that by reason of the foregoing stipulation the defendant did in fact waive any rights he might have under the statute is emphatically answered by the very language of the stipulation that the same "in no manner constitutes a waiver of any legal right whatsoever . . . of either of the parties." We are further persuaded that the terms of the last paragraph of section 581a with which we are here alone concerned, providing that the action must be dismissed by the court "on its own motion," would be rendered practically nugatory if by stipulation the parties to an action might take from the court not only its power but its duty to dismiss the action on its own motion. ▇ The courts are without power by judicial decision to render practically meaningless the direct and positive requirement of the portion of the statute which is applicable to a case such as this where the defendant did not file an answer.

▇ We are further impressed that the portion of the statute here under consideration was adopted to secure expeditious and prompt disposition of litigation, and not for the benefit and repose of individuals. When a law is established for a public reason, and not intended for the benefit of an individual, such law cannot be contravened by a private agreement or stipulation. (Civ. Code, § 3513.) ▇ While courts

are loath to deny a trial on the merits, nevertheless the portion of the code provision with which we are here concerned directs in plain and explicit terms what shall be done in cases like the one at bar and the court has no discretion. To relax the rule in some cases would be to set at naught the will of the Legislature. So far as the equities referred to by appellant are concerned, in the instant case it must be borne in mind, as heretofore pointed out, that at all times within the statutory period of three years she had it within her power to compel the defendant to answer. While the defendant may bring about an expeditious trial of a case, he is under no legal duty so to do, but the plaintiff is. The defendant is required to do no more than meet the plaintiff step by step.

■ Appellant next contends that the court, in this case, should construe the word "answer" used in the second paragraph of section 581a to mean "appear in the action"; and that the stipulation hereinbefore discussed constituted an appearance by defendant in the case at bar. Appellant relies upon the following language in *Lynch* v. *Bencini, supra,* page 533: "This statutory provision was plainly intended to apply in just such a case as this, where the defendant did not appear"; and the case of *Jacks* v. *Lewis,* 61 Cal.App.2d 148, 151 [142 P.2d 358], wherein the court used the phrase "failure of defendant to appear and plead," is also cited by appellant. In view of the reasoning contained in the foregoing opinions taken as a whole, as well as the conclusions reached therein, we are unable to ascribe to these isolated expressions the meaning imputed to them by appellant. The history of section 581a of the Code of Civil Procedure, as set forth in *People* v. *Southern Pacific R. R. Co.,* 17 Cal.App.2d 257, 260 [61 P.2d 1184], coupled with the holding of the Supreme Court in *Lynch* v. *Bencini, supra,* militates strongly against appellant's contention. The words "answer" and "appear" are not synonymous. To construe the word "answer" as used in section 581a as including every "appearance" would amount to judicial legislation, which is beyond the authority of the court. Section 437 Code of Civil Procedure provides that "The answer of the defendant shall contain: 1. A general or specific denial of the material allegations of the complaint controverted by the defendant. 2. A statement of any new matter constituting a defense or counterclaim." The stipulation filed in the instant action contains neither. Section 1014 of the same code provides that "A defendant appears in an action when he answers,

demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him." This section makes it plain that, although an answer is an appearance, an appearance is not necessarily an answer.

In the light of the final paragraph of section 581a, Code of Civil Procedure, the only portion of the section with which we are here concerned, we must assume from the plain and unequivocal language used that when the Legislature enacted the same, the legislative intent was that the actions mentioned in said paragraph must be dismissed by the court whenever no answer has been filed, regardless of what "appearance" may have been made other than by answer, when plaintiff fails to have judgment entered within three years after service of summons.

Appellant's final contention, which challenges the constitutionality of section 581a of the Code of Civil Procedure upon the ground that it attempts to deprive the superior court of jurisdiction conferred upon it by article VI, section 5, of the Constitution of the State of California, is without merit. Appellant argues that the code section in question impinges upon the jurisdiction of the superior court to enter a default, or to do anything other than dismiss the action, after more than three years. In *Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25], the court stated: "It is well settled that a trial court has jurisdiction to render a default judgment more than 'three years after service of summons' (Code Civ. Proc., § 581a) although such a judgment is erroneous and subject to direct attack upon an appeal from it," (citing cases). However, in the instant case, the court did not attempt to enter such a judgment or take any action other than to order dismissal of the action and deny plaintiff's motion to vacate such order of dismissal. Manifestly it cannot successfully be maintained that the court is without jurisdiction to dismiss an action for lack of prosecution or that legislation authorizing such action is unconstitutional.

For the reasons herein stated, the attempted appeal from the order denying the motion of plaintiff to set aside and vacate the order of dismissal is dismissed. The order dismissing the action pursuant to the provisions of section 581a of the Code of Civil Procedure is affirmed.

York, P. J., and Doran, J., concurred.