[Civ. No. 3944. Fourth Dist. Aug. 18, 1949.]

C. C. PEASE, Respondent, v. CITY OF SAN DIEGO,
Appellant.

J. F. DuPaul, City Attorney, and B. Kenneth Goodman, Deputy City Attorney, for Appellant.

C. C. Pease, in pro. per., for Respondent.

BARNARD, P. J.—This is an action for declaratory relief for the purpose of determining the validity of a lease.

On August 2, 1926, the State Board of Harbor Commissioners leased certain tidelands in Mission Bay to the plaintiff for 50 years for a rental of $30 per month, together with 5 per cent of all gross income from the leased premises. The lease also required the plaintiff to expend, or cause to be expended, $10,000 within 10 years from the date of the lease, in making improvements upon the leased premises. It further provided that "said improvements" should consist of dredging upon said lands or in the area in front of, around or surrounding the same; in the construction of various things including canals, waterways, streets and sidewalks; or in "all facilities necessary or required for residences or club house, places or purposes in, upon, through, over and adjoining said leased property." It was then provided that if the parties were unable to agree upon the amounts or values of any such improvements during the period prescribed, such amounts or values should be determined by arbitration in the manner therein provided.

During the pendency of the Mattoon assessment situation the rentals called for by this lease became delinquent for a considerable period. Early in 1945, the plaintiff sought to ascertain what was necessary in order to bring the lease up to date. Being advised by that body that it was then in charge of administering tidelands and leases in Mission Bay, the plaintiff sent $3,937 to the State Land Commission on April 30, 1945, "for bringing this lease fully up to date." He also enclosed a check for $30 as payment of the rental from May 2 to June 2, 1945. The State Land Commission acknowledged

receipt of these amounts and sent the official receipts which bore the notation ''Does not include 5% of gross income stipulation.'' Thereupon, the plaintiff made this 5 per cent payment. The plaintiff then paid, and the state accepted, the monthly rental to and including September 2, 1945. The state then advised the plaintiff that this lease and the leased premises had been transferred to the city of San Diego, and ·that future payments of rental should be made to the city. The plaintiff then made the regular monthly payments to the city, beginning October 2, 1945, which payments. it accepted and retained.

On February 20, 1946, the city notified the plaintiff that the lease was in default as of August 2, 1936, in that he had failed to expend $10,000 in making the required improvements within 10 years, and stating that he had expended for that purpose not more than $7,700.

In this action which followed, the pleadings raised the issues as to whether the required improvements had been made and as to whether the defendant and the state had, by the acceptance of rent and other acts, waived the making of such improvements. The court found, among other things, that the plaintiff had expended, or caused to be expended, $10,000 upon the required improvements within 10 years from the date of the lease, and found that certain particular items amounting to over $14,000 had been expended for these purposes within the required time. The court also found that on April 25, 1945, the plaintiff tendered to the State Land·Commission, which was then authorized by the state to attend to this matter, $3,937 and a month's rent in advance for the purposes of bringing this lease fully up to date and as being fully performed to that time; that these amounts were accepted and retained by the state; that the state made only one objection, to wit, that one other covenant, the matter of the 5 per cent of the gross receipts, had not been covered; that the plaintiff then paid that amount, which the state accepted and retained; that the state then accepted the rent for four months; that the state transferred all its right in this lease and the leased premises to the city on September 15, 1945, and notified the plaintiff that future payment should be made to the city; that from October 2, 1945 to February 2, 1946, inclusive, the rentals were paid to and accepted and retained by the city; that after the notice of default was given on February 20, 1946, the city accepted and retained two monthly payments of rent; that since that time the plaintiff has sent

to the city bank money orders for the rent each month; that the city has retained these orders but has not cashed them; that both the state and the city by these actions have waived any default if such there was; and that the circumstances are such as to create a waiver and an estoppel. Judgment was entered in favor of the plaintiff and the defendant has appealed.

It is first contended that the evidence is insufficient to sustain the findings that the plaintiff expended, or caused to be expended, $10,000 within 10 years of the date of the lease upon improvements as required by the terms of the lease. This contention is based upon a part of the conflicting evidence and upon possible but not compellable inferences. There is direct evidence that $6,480 was spent, as found by the court, in dredging on the leased premises. This is one of the improvements directly provided for by the lease and the fact that a part of the dredged material was placed on the leased property and a part on adjoining property in no way violates the terms of the lease. There was also direct evidence that $3,600, as found by the court, or considerably more, was spent for the erection of a club house on a portion of the property subleased from the respondent. This improvement was one of a kind which was specifically included in the lease provision. In addition to these items, totaling over $10,000, the evidence shows that the plaintiff furnished a right of way across the leased property which enabled a system of walks and stairs leading from the bluff to the beach to be built, which served the leased premises and other property and which cost $4,000. The only reasonable inference from the evidence is that this project came within the improvement provisions of the lease. The evidence amply sustains the court's findings in this regard.

It is further contended that the evidence does not sustain the finding that any default in the making of such improvements, if such default existed, was waived by the acts of the state and of the city. While a consideration of this point may be unnecessary here, we think such a waiver sufficiently appears. About $4,000 in overdue rentals was tendered to the state more than nine years after the date when any such improvements were to be completed. It was tendered for the purpose of "bringing this lease fully up to date" and was accepted and retained by the state with only a minor objection as to another point, which was immediately corrected.

No claim of default with respect to the improvements was then made, or had theretofore been made, and the state continued for some months to receive the rental. The state's rights in the property and the lease were then transferred to the city. The city accepted the lease as matters then stood, and continued for some months to accept the rental. Notice of default was first given 20 years after the lease was made and 10 years after the default relied on is claimed to have occurred. Appellant contends in this regard that when the state and the city accepted these payments they had no way of knowing whether or not these improvements had been made within the required time. To accept this contention under the circumstances shown by the evidence would place an undue strain on the credulity of any court. Moreover, the lease provided that if the parties could not agree on the amount of work done within the period named, the matter should be arbitrated in the manner outlined in the lease. The only reasonable interpretation of this provision is that it was intended that any objection as to the amount or value of the improvements should be made within a reasonable time. It would be unreasonable to interpret this as permitting such a question to be raised 10, 20, or 30 years after the work was supposed to be done, and after the other party had continued to spend large sums in reliance upon his lease. No reason appears why the usual rules should not apply.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.