[Civ. Nos. 14485, 14491. First Dist., Div. One. Jan. 17, 1951.]

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Appellant, v. ROLLAWAY WINDOW SCREEN COMPANY, Respondent.

(Two Cases)

Robert W. Walker and Louis M. Welsh for Appellant.

Franklin C. Stark and Stanley E. Sparrowe for Respondent.

BRAY, J.—Plaintiff appeals from judgments based on orders granting dismissal, pursuant to section 581a of the Code of Civil Procedure, of two actions for freight charges.

## Questions Presented

1. Is the dismissal of actions under section 581a of the Code of Civil Procedure a matter of substantive law, rather than of procedure, when applied to causes of actions based on a federal statute? 2. Does that section require that the summons be *filed* within three years after the commencement of an action?

## Record

In action No. 14491, the complaint for freight charges was filed February 21, 1946. Summons and complaint were not served until more than three years thereafter, on June 20, 1949. In action No. 14485, the complaint, also for freight charges, was filed July 17, 1946. Summons and complaint were served June 20, 1949, less than three years from the filing of the complaint. Affidavit of service was made on both summons on June 20. The summons in action No. 14485 was filed September 21, and in action No. 14491, on September 28, both more than three years from the filing of the complaints. Defendant moved to dismiss action No. 14491 for failure to serve and return the summons within three years of the commencement of the action, and in No. 14485 for failure to return the summons within that period. On the hearing, plaintiff filed an affidavit to the effect that the delay in serving summons was at defendant's request (denied by defendant), and because of certain proceedings before the Interstate Commerce Commission involving the validity of the same freight charges upon which the complaints here are based. The court granted the motions to dismiss both actions.

### 1. Substantive Law or Procedure?

■ Section 581a provides that actions ''must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party . . . unless the summons shall be served and returned thereon made within three years after the commencement of said action.'' This section is mandatory. (*People* v. *Kings County Dev. Co.*, 48 Cal.App. 72, 74 [191 P. 1004].)

Plaintiff contends that these actions to recover freight charges are based on a federal statute and that section 581a of the Code of Civil Procedure and rule 41(b), Federal Rules of Civil Procedure (28 U.S.C.A. p. 379) lay down substantive law and that therefore the federal rule, which leaves the matter of dismissals in the discretion of the court, should be applied here rather than section 581a. Defendant concedes

for the purpose of this appeal that the actions are based on a federal statute.* Defendant agrees, with reservations, that in an action in a state court based on a federal statute, the substantive law to be applied is the federal law. (See *Midstate Horticultural Co.* v. *Pennsylvania R. Co.*, 320 U.S. 356 [64 S.Ct. 128, 88 L.Ed. 96] [*supra*, footnote]; *Barnet* v. *New York Cent. & H. R. R. Co.*, 222 N.Y. 185 [118 N.E. 625]; *Garrett* v. *Moore-McCormack Co.*, 317 U.S. 239 [63 S.Ct. 246, 87 L.Ed. 239].) Thus the main question before us is whether rules for dismissals of actions as provided in section 581a and in rule 41(b) are substantive or procedural. Plaintiff cites no authority, state or federal, holding that the time within which to serve summons and bring an action to trial is substantive, or that rule 41(b) has ever been held to be part of federal substantive law or section 581a of California substantive law. Plaintiff claims that an analogy exists between rules of dismissal for lack of prosecution on the one hand, and statutes of limitation, rules as to form of complaint, burden of proof, and evidence, which have been held to constitute substantive law, on the other hand. (See *Engel* v. *Davenport*, 271 U.S. 33 [46 S.Ct. 410, 70 L.Ed. 813], as to statutes of limitation; *Brown* v. *Western Railway of Alabama*, 338 U.S. 295 [70 S.Ct. 105, 94 L.Ed. 93], as to form of the complaint; *Barnet* v. *New York Cent. & H. R. R. Co.*, *supra*, *Garrett* v. *Moore-McCormack Co.*, *supra*, as to burden of proof; *Western & Atlantic R. R.* v. *Hughes*, 278 U.S. 496 [49 S.Ct. 231, 73 L.Ed. 473], as to rules of evidence.) There is no such analogy. "It has been expressly held that section 581a is not a statute of limitations." (*Rio Del Mar etc. Club* v. *Superior Court*, 84 Cal.App.2d 214, 220 [190 P.2d 295].) In *People* v. *Kings County Dev. Co.*, *supra* (48 Cal.App. 72), page 74, it was contended that section 581a " 'is nothing more nor less than a statute of limitations. . . .' " In holding that the section was not a statute of limitations, the court stated (p. 77) that the provisions of the section "involve merely a matter of procedure—that is, the regulation of the conduct of the parties plaintiff with respect to actions after the commencement thereof for the same reason or purpose which is at the bottom of many other provisions of the code as to procedure, to wit: to facilitate or bring about a final or as speedy

---

*There may be a question of whether actions, as here, for alleged undercharges in freight, are based on contract or on a federal statute. (See *Midstate Horticultural Co.* v. *Pennsylvania R. Co.*, (1943) 320 U.S. 358 [64 S.Ct. 128, 88 L.Ed. 96].)

a disposition of the litigation as possible or as is deemed by the legislature to be consistent with the rights, not alone of the plaintiff, but also of the adversary party or parties, and also to clear court calendars of cases as expeditiously as possible, thus and thereby preventing an accumulation upon such calendars of actions in which, by reason of long delays in their prosecution, it may become difficult, if not in some instances impossible, to adjudicate the issues according to the real merits or justice of such causes." "As we have above tried to show, we are here dealing, not with a statute of limitations in the strict legal sense in which such a statute is juridically understood, but with a statute whose main or central object is to require all litigants, after commencing actions against others to establish judicially some right to which they claim to be entitled as against those they have proceeded against, to press the actions to issue and trial with reasonable and proper diligence, and this because it is in the interest of justice to do so." (P. 83.) It "is nothing more than a rule of procedure." (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118].) "We are further impressed that the portion of the statute here under consideration was adopted to secure expeditious and prompt disposition of litigation, and not for the benefit and repose of individuals." (*Schultz* v. *Schultz,* 70 Cal.App.2d 293, 297 [161 P.2d 36].)

 The judgment of dismissal under section 581a is not a judgment on the merits and is not res judicata, and, unless barred by the statute of limitations, the cause of action still persists. (See *Gonsalves* v. *Bank of America, supra* [16 Cal. 2d 169].) In view of this rule, it is difficult to see how the rules of dismissal could constitute anything more than matters of procedure. Restatement of the Conflict of Laws, page 718, section 600, states: "The rationalization adopted . . . is to distinguish between conditions of the cause of action and conditions of maintaining suit. If the cause of action is conditional, the condition is a matter of substance; if the maintenance of a suit is conditional, the condition is a matter of procedure."

Plaintiff contends that a given rule may be procedural as applied to certain conditions and substantive as applied to others. If this be true, the California cases above cited definitely hold that section 581a as applied to dismissal conditions set forth therein is procedural and not substantive.

The federal cases, without exception, denominate and apply the federal rules as procedural (See *United States* v. *Sher-*

*wood,* 312 U.S. 584 [61 S.Ct. 767, 85 L.Ed. 1058]; *John R. Alley & Co.* v. *Federal Nat. Bank,* 124 F.2d 995; *In re Stein,* 43 F. Supp. 845; *Gillson* v. *Vendome Petroleum Corp.,* 35 F. Supp. 815; *Wyker* v. *Willingham,* 55 F. Supp. 105.) The adjective nature and objective of 41(b) was emphasized in *Barger* v. *Baltimore & O. R. Co.,* 130 F.2d 401: ". . . the obvious purpose" of rule 41(b) "is to prevent unnecessary harassment and delay in litigation . . ." (P. 402.) Rule 41(b), as well as the other federal rules of procedure, were promulgated by the United States Supreme Court pursuant to the power granted it by Congress to prescribe by general rules "the practice and procedure of the district courts. . . . Such rules shall not abridge, enlarge or modify any substantive right . . ." (28 U.S.C. § 2072.)

*Ragan* v. *Merchants Transfer & Warehouse Co.,* 337 U.S. 530 [69 S.Ct. 1233, 93 L.Ed. 1520], is not in point. There an action was brought in a federal court on grounds of diversity of citizenship. The complaint was filed within the statute of limitations as prescribed by Kansas statute. However, the summons was not served within that period, and the Kansas courts had held that an action is not commenced until the summons is served. The federal rules provide that an action is commenced upon the filing of the complaint (as in California). The United States Supreme Court held that the defendant's motion to dismiss should have been granted because the Kansas law applied. From this, plaintiff argues that in our case the state court should apply the federal rule. The logic is a bit difficult to follow. The Ragan case merely holds that in considering the Kansas statute of limitations, a federal court is bound to recognize that the period during which the statute is running does not end until the service of the summons; that the requirement of service within the statutory period was an integral part of that state's statute of limitations.

Plaintiff contends that in cases of this kind the state court should determine whether applying the federal rule would work a hardship on the trial court, and if not, it should be applied. He has cited no case holding that this is, or should be, the test.

2. "RETURN THEREON MADE."

■ Section 581a provides that not only must the summons be served within, but "return thereon" must be made, within the three-year period. Plaintiff contends that this does not

require filing the returned summons but merely the endorsement of service thereon. This question is no longer an open one. In *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255 [60 P. 848], the action was filed on September 5, 1896. Summons was served August 7, 1899 (within the three-year period). On August 10 the officer making the service delivered the original summons with certificate of service attached to plaintiff's attorney. September 11, 1899, defendant served on plaintiff notice of motion to dismiss. September 16 (after the expiration of the three-year period), the summons with the certificate thereon was filed. The court pointed out that the summons was not "returned" (p. 256) until 11 days after the expiration of the three-year period and then said (p. 256): ". . . the statute imposes the penalty of dismissal in all cases where the return is made more than three years after the commencement of the action." In *Frohman* v. *Bonelli*, 91 Cal.App.2d 285 [204 P.2d 890] (1949; hearing denied by the Supreme Court), the action was commenced February 3, 1945. Summons was served January 26, 1948 (within the three-year period). The affidavit of service was made on the summons on January 27. February 5, defendant filed notice of motion to dismiss. February 6, the summons was filed with the clerk. Just as plaintiff-appellant in our case does here, "Appellant says that 'return thereon made' as used in the statute 'refers to the evidence supplied by the person serving the summons as to his official acts pursuant to the summons' . . ." (P. 287.) The court pointed out that in *Vrooman* v. *Li Po Tai*, 113 Cal. 302 [45 P. 470], "the action was properly dismissed because the summons had not been *filed* within three years after the commencement of the action." (P. 287.) It then reviewed the Modoc Land and Vrooman cases, *supra, Bellingham Bay L. Co.* v. *Western A. Co.*, 35 Cal.App. 515 [170 P. 632], and *Pearson* v. *Superior Court*, 122 Cal.App. 571 [10 P.2d 489], in all of which the summons was not filed until after the expiration of the three-year period, and stated that these cases were "decided upon the premise that by 'return thereon made' is meant the filing of the summons in the office of the clerk together with a statement of what was done in connection with the service thereof." It then quoted the definitions of "return" given in several dictionaries and many cases from other jurisdictions, all of which, in effect, included in the definition, the bringing back of the process to the tribunal or office which issued it, and then said (p. 290): "A return is the evidence by which the

court is informed that the defendant has been given notice to appear in court'' and (p. 291) ''We conclude that the phrase 'all such actions must in like manner be dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action,' as used in section 581a of the Code of Civil Procedure, means that an action must be dismissed unless the summons is served and filed with the clerk of the court together with the officer's certificate of service, if it was served by an officer, or the affidavit of service of the person who served it, if it was served by any other person, within the three-year period.''

*Haggerty* v. *Sherburne Mercantile Co.* (1947), 120 Mont. 386 [186 P.2d 884], and *State ex rel. Montgomery Ward & Co.* v. *District Court,* 115 Mont. 521 [146 P.2d 1012], in construing a Montana statute similar to section 581a, hold that the words ''return made'' do not include the filing of the summons. This appears to be contrary to the weight of authority in other jurisdictions, and is directly contrary to the rule in California as set forth in the Frohman case, *supra* (91 Cal.App. 2d 285).

The judgments are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 16, 1951.