[Civ. No. 18183.   Second Dist., Div. Two.   Jan. 30, 1951.]

LEROY A. HILL, JR., a Minor, Respondent, v. EDGAR S. JOHNSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Porter & Ragland for Respondent.

WILSON, J.—Plaintiff, a minor, alleging defendant to be his father, brought this action through his mother as guardian *ad litem* for support. Defendant answered denying paternity. Upon the hearing of an order to show cause why defendant should not pay for plaintiff's support and for his attorney's fees in the action a court commissioner made findings of fact as follows: That Ruth V. Hill gave birth to plaintiff on December 5, 1949; "plaintiff" became pregnant some time between February 13, 1949, and the end of the same month as the result of relations with defendant who is not her husband; "plaintiff" is married and occupied the same premises with her husband "at all times" but from January 1, 1949, until some time in March following they were not cohabiting as husband and wife; "Mrs. Hill's husband, Leroy Hill, is not and could not possibly be the father of the minor child."

The findings were approved by the court and an order was made directing defendant to pay $7.50 a week for plaintiff's support and $150 on account of attorney's fees. Defendant has appealed from the order.

Since plaintiff was only six months of age at the time of the hearing of the order to show cause and is a male we assume the court was in error in finding that "plaintiff" became pregnant or was married and that such findings were intended to refer to plaintiff's mother and guardian *ad litem*. Even with benefit of such assumption the findings do not support the order.

The finding that the mother of plaintiff was living with her husband during the period when the child was conceived is supported by the evidence of both parties. There is no contention that he was impotent, in fact the evidence is to the contrary. He testified he had sexual relations with his wife in March of 1949. The finding that defendant is the father of the child is repelled by the conclusive presumption that "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate;" (Code Civ. Proc., § 1962(5).) Evidence is inadmissible to rebut a conclusive presumption and illegitimacy cannot be established by evidence that a husband and wife, while living together, did not have sexual relations. (*Estate of Mills*, 137 Cal. 298, 303-4 [70 P. 91, 92 Am.St.Rep. 175]; *Estate of Walker*, 180 Cal. 478, 491 [181 P. 792].) When there is opportunity of access to the wife by the husband during the period conception would normally occur, the pre-

96

sumption of legitimacy (with exceptions not applicable here) is conclusive. (*People* v. *Kelly,* 77 Cal.App.2d 23, 26 [174 P.2d 342]; *Dazey* v. *Dazey,* 50 Cal.App.2d 15, 17 [122 P.2d 308]; *People* v. *Hamilton,* 88 Cal.App.2d 398, 400 [198 P.2d 907]; *Williams* v. *Moon,* 98 Cal.App.2d 214, 219 [219 P.2d 902].) The court erred in receiving the evidence of Mr. and Mrs. Hill to the effect that they did not have sexual intercourse between the first of January, 1949, and the latter part of the following March.

▮ Blood tests of all parties disclosed that the blood of the minor plaintiff and of defendant is type "B" and that of Mr. and Mrs. Hill is type "O." From this plaintiff argues that Mr. Hill could not have been the father of the child and that defendant could have been. Evidence of the result of a blood test is to be considered with all other evidence in the case and is not conclusive. (*Berry* v. *Chaplin,* 74 Cal.App.2d 652, 664-5 [169 P.2d 442].) ▮ It was error to admit the evidence since it is contrary to the conclusive presumption of legitimacy.

This is as it should be, since in the absence of a presumption that is conclusive, uncontestable and uncontradictable, an innocent man, whose only defense might be his uncorroborated denial of improper relations with the mother of a child, could easily be made the victim of blackmail by the collusive, false testimony of a husband and wife who are living together and having normal sexual relations.

From the foregoing it indubitably follows that the findings that (1) "plaintiff," meaning Mrs. Hill, became pregnant as the result of relations with defendant, (2) from January 1, 1949, until some time in March of 1949, Mrs. Hill and her husband were not cohabiting as husband and wife, and (3) Mrs. Hill's husband "is not and could not possibly be the father" of plaintiff minor, are not supported by the record.

Order reversed.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 29, 1951. Carter, J., and Spence, J., voted for a hearing.