[Civ. No. 24554. Second Dist., Div. Two. Oct. 3, 1960.]

VIRGINIA ANN LAMBERT, Appellant, v. R. B. CONRAD et al., Respondents.

Samuel C. McMorris for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), and William B. Burge, Deputy City Attorney, for Respondents.

RICHARDS, J. pro tem.*—Plaintiff appeals from an order and judgment made pursuant to section 581a of the Code of Civil Procedure dismissing her action as to certain defendants based upon a failure to return the summons to the clerk within three years after commencement of the action.

Plaintiff also attempts to appeal from an order denying her motion to vacate and set aside the judgment of dis-

---

*Assigned by Chairman of Judicial Council.

missal, but this attempted appeal must be dismissed because "the attempt to appeal from the order refusing vacation of the order of dismissal is but a repetition of plaintiff's appeal from such last mentioned order." (*Schultz* v. *Schultz,* 70 Cal. App.2d 293, 295 [161 P.2d 36].)

The action is one for false imprisonment, slander, libel and assault and battery. The facts are undisputed. The record before us discloses, in chronological order, the following proceedings taken in the litigation from its inception up to the order and judgment of dismissal and subsequent filing of summons:

February 1, 1956—Complaint filed.

January 30, 1957—Summons issued.

January 30, 1959—Service of summons and complaint on defendant R. P. Gibson.

February 2, 1959—Service of summons and complaint on defendant R. B. Conrad.

February 2, 1959—Affidavit of service of summons and complaint on said defendants, subscribed and sworn to before attorney for plaintiff acting as a notary public.

March 24, 1959—Motion of said defendants to dismiss pursuant to Code of Civil Procedure, section 581a, granted and minute order of dismissal as to said defendants.

April 2, 1959—Summons with affidavit of service filed in the office of the county clerk.

The sole question presented is whether the summons was "served and return thereon made" within three years after the commencement of the action as required by section 581a of the Code of Civil Procedure which, as apt, reads: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, . . . and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. . . ."

The plaintiff urges that "return thereon made" as used in the statute means by definition merely the endorsement of service on the summons. In *Atchison, T. & S.F. Ry. Co.* v. *Rollaway Window Screen Co.,* 101 Cal.App.2d 763 [226 P.2d 763], an action was commenced July 17, 1946, summons and complaint were served June 20, 1949, and the affidavit of

service made thereon June 20, 1949, less than three years from the commencement of the action. However, the summons was filed September 21, 1949, more than three years from the commencement of the action. In sustaining a judgment of dismissal under said section 581a the court said at pages 767-768: "Plaintiff contends that this ['return thereon'] does not require filing the returned summons but merely the endorsement of service thereon. *This question is no longer an open one.*" (Emphasis added.)

Code of Civil Procedure, section 581a, enacted in 1907, is based upon subdivision 7 of section 581 as added in 1889, which provided that an action shall be dismissed "unless summons shall have been issued in one year and served, and return thereon made within three years after the commencement of said action." The earliest case on the subject is *Vrooman* v. *Li Po Tai* (1896), 113 Cal. 302 [45 P. 470] in which the summons was issued and served the day the action was commenced but not filed with the clerk within three years after the commencement of the action, and the Supreme Court held that the statute was mandatory and reversed a judgment for the reason that the summons had not been filed within said three-year period. Thereafter, there follows a line of cases which were decided on the premise that not only must the service be made within the requisite period, but also that the summons with proof of service must be filed with the office of the county clerk within the statutory period. Such cases are *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255 [60 P. 848]; *Grant* v. *McArthur,* 137 Cal. 270 [70 P. 88]; *Bellingham Bay L. Co.* v. *Western A. Co.,* 35 Cal.App. 515 [170 P. 632]; *Pearson* v. *Superior Court,* 122 Cal.App. 571 [10 P.2d 489]; *Chilcote* v. *Pacific Air Transport,* 24 Cal.App.2d 32 [74 P.2d 300]; *Pease* v. *City of San Diego,* 93 Cal.App.2d 706 [208 P.2d 1044]. In *Frohman* v. *Bonelli,* 91 Cal.App.2d 285 [204 P.2d 890], the precise point which appellant here urges was raised and after reviewing the previous authorities the court held (p. 291) that "return thereon made" means the filing of the summons "with the clerk of the court together with the officer's certificate of service, if it was served by an officer, or the affidavit of service of the person who served it, if it was served by any other person, within the three-year period." *Atchison T. & S.F. Ry. Co.* v. *Rollaway Window Screen Co., supra,* 101 Cal.App.2d 763, cites and follows *Frohman* as to the meaning of "return thereon made." The latest case following the previous rulings is *Beckwith* v. *County of Los Angeles,*

132 Cal.App.2d 377 [282 P.2d 87]. Thus, for nearly 60 years it has been uniformly and repeatedly decided that not only must there be service and proof of service within the statutory period, but also the summons together with such proof of service must be filed in the office of the county clerk within such period to avoid the consequences of said action.

Appellant urges that we reexamine the foregoing rule in the light of decisions from other jurisdictions, particularly the State of Montana. Such an examination was made in *Atchison, T. & S.F. Ry. Co.* v. *Rollaway Window Screen Co.,* *supra,* 101 Cal.App.2d 763, wherein the court said at page 769: *"Haggerty* v. *Sherburne Mercantile Co.* (1947), 120 Mont. 386 [186 P.2d 884], and *State* ex rel. *Montgomery Ward & Co.* v. *District Court,* 115 Mont. 521, [146 P.2d 1012], in construing a Montana statute similar to section 581a, hold that the words 'return made' do not include the filing of the summons. This appears to be contrary to the weight of authority in other jurisdictions, and is directly contrary to the rule in California as set forth in the Frohman case, *supra,* (91 Cal.App.2d 285).''

In view of the long and uniform acceptance of the rule by the reviewing courts of this state and by the legal profession generally in governing their conduct thereby, we are not disposed to strike down the settled rule because other states have decided differently, for the reason that ''an excess of virtue in the decision of an outside jurisdiction does not cause it to prevail over the settled judicial policy of this state.'' (*Estate of Fritz,* 102 Cal.App.2d 385, 394-395 [227 P.2d 539].)

Appellant further contends that the 1957 amendment of Code of Civil Procedure, section 410, requires that the phrase ''return made thereon'' as used in said section 581a be now held to mean only ''the attachment of the certificate or affidavit, and its delivery to counsel.'' Prior to 1957, section 410 provided, in part, ''When the summons is served by the sheriff . . . it must be returned, with his certificate of its service . . . *to the office of the clerk or judge from which it issued.* When it is served by any other person, it must be returned to the same place. . . .'' The italicized portion was amended in 1957 to read: ''. . . to plaintiff if he is acting as his own attorney, otherwise to plaintiff's attorney.'' (Stats. 1957, ch. 497, p. 1531, § 1.)

Although the plaintiff's brief asserts that the summons was in fact ''served and returned to plaintiff's attorney on or before the deadline date,'' the record before us does not

affirmatively substantiate that assertion. There is nothing on the summons or affidavit of service disclosing any date of the delivery thereof to the plaintiff's attorney, although the affidavit of service discloses that it was subscribed and sworn to before him on February 2, 1959,[1] the action having been commenced February 1, 1956. The record does not disclose any affidavit on behalf of plaintiff in opposition to the motion to dismiss. It does, however, contain the affidavit of plaintiff's counsel in support of a motion to vacate the judgment of dismissal to the effect that "counsel did cause to be served and return made to counsel, the summons hereinbefore issued" but said affidavit does not aver the date of said "return made to counsel." However, appellant's brief states that "by affidavit herein filed, in our instant case, the summonses [*sic*] were in fact served and returned to plaintiff's attorney on or before the deadline date." This statement is unchallenged by respondents and whereas we do not accept the statement in the brief as evidence of the fact, yet inasmuch as respondents have replied to appellant's argument as to the effect of the 1957 amendment of section 410 upon section 581a, we have decided to pass upon the contention so raised by appellant.

The essence of plaintiff's brief argument on this contention, without citation of authority, is that "the courts had to rely upon section 410 in developing the 'California Rule' interpreting the dismissal statute. It thus must follow that the substantial amendment to said section, delecting [*sic*] the language upon which the courts so relied, will require a change in the California Rule." We think the argument is based on the fallacious major premise that the long line of decisions above referred to holding that the phrase "return thereon made" in section 581a means the filing of summons and proof of service with the clerk of the court, reached that conclusion upon the language of section 410. Other than *Frohman* v. *Bonelli, supra,* 91 Cal.App.2d 285, not one of the several decisions above referred to even cites section 410 or in any way refers to or relies upon the language thereof as part of the *ratio decidendi.* In the *Frohman* case, the court quoted section 410 in part and said (p. 289) : "Obviously, 'returned' is used in the sense of filing with the clerk or justice and not

---

[1]There is but one affidavit of service and it avers service on two defendants at different places and at different dates, and is subscribed and sworn to by the two different individuals without disclosing which affiant served which defendant. However, the sufficiency of such proof of service to comply with the requirements of Code of Civil Procedure, section 410, is not raised and need not be decided.

in the sense of the making of a certificate or affidavit of service only.'' In view of the exhaustive review of authorities in *Frohman* on the meaning of the word ''return,'' as used in section 581a, we think it is clear that the reference therein to section 410 was by way of example to indicate that the word ''return'' in various contexts means something more than the mere notation of service on the summons. Hence, we cannot agree that the language of section 410 has ever been relied upon as the basis for the decisions under section 581a.

In a review of Selected 1957 Code Legislation in 32 California State Bar Journal, 501, it is said at page 531, with reference to the 1957 amendment of section 410: ''Formerly § 410 provided that the summons must be returned to the office of the clerk or judge from which it was issued. Once returned there, the summons became defunct (*Fanning* v. *Foley* (1893), 99 Cal. 336 [33 P. 1098]), and if all the defendants had not yet been served, a plaintiff had to apply for a court order authorizing withdrawal of the summons (*Hancock* v. *Preuss* (1872), 40 Cal. 572) or for an alias summons under § 408. *Under the amendment, return of summons must be made to plaintiff's attorney or to the plaintiff, if he is acting as his own attorney.* Plaintiff may therefore have further defendants served without having to seek a court order or alias summons.

''Read this section in connection with § 581a, which requires the court to dismiss an action unless a return is made within three years of filing the complaint. The return required by § 581a has been interpreted to mean the filing of summons and certificate or affidavit of service with the *court* (*Frohman* v. *Bonelli* (1949), 91 Cal.App.2d 285 [204 P.2d 890]), and it seems doubtful that the amendment to § 410 will change this interpretation. Thus a return to the *court* within three years will, in all probability, still be required to prevent dismissal.''

Section 581a is part of chapter 1, entitled ''Judgment in General,'' part 2, title 8, of the Code of Civil Procedure and is the first of several sections dealing with involuntary dismissal for lack of prosecution. It is followed by section 581b (dismissal of transferred cases for nonpayment of fees) and section 583 (dismissal for failure to bring action to trial). Section 410 is part of title 5, entitled ''Of the Manner of Commencing Civil Actions,'' part 2 of said code delineating the procedural steps of filing, issuance of summons, method of service of summons, and acquisition of jurisdiction by service of summons and complaint. If there is any conflict between

section 410, as amended, and section 581a, it is to be resolved by the statutory rule of construction that " [i]f the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title shall prevail as to all matters and questions arising out of the subject matter of the title." (Civ. Code, § 23.3.) The "matters and questions arising out of the subject matter" of title 8 relate to voluntary and involuntary dismissals, either for want of proof or lack of prosecution. Those arising out of title 5 relate to the proceedings for commencement of an action and the service of summons. Hence, we conclude that the provisions of section 410, as amended, "shall prevail" as to the "matters and questions" relating to the procedural handling of a summons after service, but not as to the requirement of section 581a to avoid dismissal for lack of prosecution.

Unquestionably, the Legislature intended to, and did, change the procedural requirement in section 410 that upon service of the summons, it be "returned" to the plaintiff, if in propria persona, or to the plaintiff's attorney instead of to the clerk of the court as formerly. The question is whether by this amendment of section 410 the Legislature intended to amend section 581a by implication, and thus overturn long-established principles of law relating to section 581a. It may not be successfully contended that the amendment of section 410 repealed section 581a by implication. Hence, in order that the amendment of section 410 have any effect on section 581a, it must be found by way of an amendment by implication. ▪ As a general rule, an implied amendment of one code section by an express amendment of another code section is not to be favored and may be only upheld where there is no reasonable basis for harmonizing the former with the latter as amended. (*Cf*. 82 C.J.S. 418 Statutes, § 252; *People* v. *Leong Fook,* 206 Cal. 64, 69-70 [273 P. 779] ; *People* v. *Phair,* 137 Cal.App. 612, 613, 614 [31 P.2d 421].) ▪ In considering this question we must also bear in mind the established rule of statutory construction that in enacting a statute or the amendment of a statute, it is to be assumed that the Legislaure was cognizant of judicial construction of related statutes. (*Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797, 805 [249 P.2d 241] ; *In re Phyle,* 30 Cal.2d 838, 845 [186 P.2d 134].) Thus, in adopting the 1957 amendment to section 410, we must assume that the Legislature was aware that for over 50 years the phrase "return made thereon" in section 581a had been frequently and consistently judicially interpreted

to mean a return thereof to the county clerk with proof of service, and that such interpretation was not based upon the language of section 410 prior to its amendment. ''[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.'' (*Brown* v. *Memorial Nat. Home Foundation,* 162 Cal.App.2d 513, 537 [329 P.2d 118].) Whereas it is clear that the Legislature did by express declaration effect a change in the procedural provision of section 410, yet the amendment to section 410 contains no express declaration of intent to change the long-established interpretation of section 581a, nor does the amendment change such interpretation by necessary implication.

Analogically illuminative is the recent decision of *Kusior* v. *Silver,* 54 Cal.2d 603 [7 Cal.Rptr. 129, 354 P.2d 657]. In *Hill* v. *Johnson,* 102 Cal.App.2d 94 [226 P.2d 655], a filiation proceeding, this division held that admission of evidence of a blood test was reversible error in view of the conclusive presumption of legitimacy (Code of Civ. Proc., § 1962, subd. 5) where a husband and wife were living together. The Legislature at the following session enacted Code of Civil Procedure, section 1980.3, providing for blood tests in an action in which paternity is a relevant fact and also enacted section 1980.6 providing ''If the court finds that the conclusions of all the experts, . . . are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly.'' However, the Legislature did not enact another provision of the Uniform Act of Blood Tests to Determine Paternity relating to the overcoming of the presumption of legitimacy based upon blood tests. One of the questions raised in *Kusior* v. *Silver, supra,* was whether the adoption of the blood test provisions changed the judicial interpretation as to admissibility of blood tests in cases where the conclusive presumption of legitimacy applies. The Supreme Court said at page 618: ''Statutes are to be interpreted by assuming that Legislature was aware of the existing judicial decisions. (See 45 Cal.Jur.2d 615, 616.) Moreover, failure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect. (*Cole* v. *Rush,* 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137].) That rule can be applied

by analogy where a section is omitted in the face of our decisional law. Thus, it is clear that the Uniform Act negatives the possibility of another *Arais* v. *Kalensnikoff, supra,* or *Berry* v. *Chaplin, supra,* neither of which involved a married mother. But it is apparent that the failure of the Legislature to enact that part of the act which would specifically have enabled the result of a blood test to overcome the conclusive presumption declared in section 1962, subdivision 5, must be deemed an intention not to change the rule stated in *Hill* v. *Johnson, supra.''* ▮ So here, the failure of the Legislature to amend section 581a when the subject of a change as to the person to whom the summons should be delivered after service was before it in connection with the amendment of section 410 is in our opinion indicative of an intent not to change the long-established decisionary rule under section 581a arrived at independently of the provisions of section 410.

▮ Even in case of statutes *in pari materia* it is the established rule that " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' " ( *City of Port Hueneme* v. *City of Oxnard,* 52 Cal.2d 385 at 395 [341 P.2d 318], quoting from *People* v. *Town of Corte Madera,* 97 Cal.App.2d 726, 729 [218 P.2d 810].) ▮ *A fortiori,* where two code sections are dissimilar in purpose, the omission of any provision in section 581a similar to the amended provision in section 410 is significant to show that the Legislature did not intend a change in the established interpretation of section 581a.

▮ ''There is no rule of law that necessarily requires the same meaning to be given to the same word used in different places in the same statute'' (*Sunset Tel. & Tel. Co.* v. *Pasadena,* 161 Cal. 265, 275 [118 P. 796] ), much less the same word used in different statutes relating to essentially different matters and subject to different construction. (*Cf. Russ-Field Corp.* v. *Underwriters at Lloyd's,* 164 Cal.App.2d 83, 95-96 [330 P.2d 432] and *Union Iron Works* v. *Industrial Acc. Com.,* 190 Cal. 33, 43 [210 P. 410].)

▮ The purpose of section 581a is expressed in *Gonsalves* v. *Bank of America,* 16 Cal.2d 169 at 172 [105 P.2d 118] as follows: ''The dismissal statute [§ 581a] gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself.''

■ ■ The mandatory dismissal is effectuated not only "on motion of any party interested therein" but "by the court . . . on its own motion" (*Lynch* v. *Bencini,* 17 Cal.2d 521, 532 [110 P.2d 662] ; *Schultz* v. *Schultz, supra,* 70 Cal. App.2d 293, 297), and it should be construed, if possible, to give effect to its evident objection. (*H. S. Mann Corp.* v. *Moody,* 144 Cal.App.2d 310, 320 [301 P.2d 28].)

■ Any reexamination of section 581a in light of a contention that its meaning has been changed by the amendment of section 410 should be predicated upon the " ' . . . recognized rule that where a statute is susceptible of two constructions, one leading inevitably to mischief or absurdity, and the other consistent with justice, sound sense and wise policy, the former should be rejected and the latter adopted.' " (*Jacobs* v. *Department of Motor Vehicles,* 161 Cal.App.2d 727, 731 [327 P.2d 123].) ■ It is at once apparent that under the long-established interpretation of section 581a, the court or any interested party can by an examination of the file readily determine if the summons, with proof of service, has been returned to the court within three years. On the other hand, there would be no way in which to determine if and when the summons is returned to the plaintiff's attorney other than by the taking of his deposition. The section does not deal with a right to compel dismissal by individual defendants but provides that "No action . . . shall be further prosecuted, . . . and all actions . . . must be dismissed. . . ." In the case of multiple defendants, the summons under section 410, as amended, must be returned to the plaintiff's attorney each time after service, and as to one defendant it may be served within the three-year period, but not returned to the attorney until more than three years after the commencement of the action. Under such circumstances, the question would arise whether one return of the summons within the three-year period satisfies the requirements of the statute as to all defendants, or, on the other hand, would one return of the summons to the plaintiff's attorney after the three-year period compel a dismissal of the entire action? Another absurdity would arise in case plaintiff's attorney chose to himself serve the defendants with summons and complaint. Never having left his possession, the question then would arise as to the date that the summons was "returned . . . to plaintiff's attorney . . ." so as to determine if it was returned within three years. We cannot bring ourselves to conclude that the Legislature in amending section 410 respecting the mechanics of disposing

of a summons after service intended thereby to amend section 581a by implication and set aside a long line of precedents, and thus to open a Pandora's Box proliferating a host of perplexing problems in an area where certainty of law now exists by way of a rule which accomplishes the statutory objective and is well-defined and accepted.

Finally, plaintiff would exculpate herself from the mandatory provisions of section 581a by a plea that her delay was reasonable. Other than an absence of defendant from the state or self-concealment within the state, the statute provides no other excuse for failure to serve and return the summons within the three years after the commencement of the action. "The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal." (*Gonsalves* v. *Bank of America, supra,* 16 Cal. 2d 169, 172. Accord: *Schultz* v. *Schultz, supra,* 70 Cal.App.2d 293, 297-298.)

Appeal from order denying motion to vacate and set aside judgment is dismissed, and the judgment of dismissal is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1960.