[Civ. No. 36701. First Dist., Div. Four. Mar. 1, 1976.]

JANET FAVALORA et al., Plaintiffs and Appellants, v.
COUNTY OF HUMBOLDT et al., Defendants and Respondents.

## Counsel

Mathews, Traverse & McKittrick, Francis B. Mathews and James R. McKittrick for Plaintiffs and Appellants.

Raymond W. Schneider, County Counsel, and Charles P. Selden, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**EMERSON, J.**\*—In this action to recover taxes paid under protest, plaintiffs Janet and John Favalora (hereafter appellants) appeal from the trial court's order of dismissal. That order, which is appealable (Code Civ. Proc., § 581d), was·entered after the court sustained the general demurrer interposed by the defendants, the County of Humboldt and its tax collector (hereafter the county), and appellants elected not to amend.

On the tax lien date in 1972, appellants were the owners of the *Janet Ann,* a boat designed for fishing. The boat was then under construction in Humboldt County. The county assessed the vessel at 25 percent of its then full cash value for the purposes of local property taxation and levied a tax of $509.43. Appellants paid the tax under protest.

On May 7, 1973, appellants filed the within action for recovery of the tax payment. The original complaint, which contained a single count, alleged in substance that the *Janet Ann* was a vessel of 56 gross tons, and thus was exempt from property taxation under Revenue and Taxation Code section 209.5[1] [2] which provides an exemption for vessels of more than 50 "tons burden" which are under construction. The county demurred, asserting that the term "tons burden" as used in section 209.5 means *net* tons. The complaint did not allege that the tonnage of the *Janet Ann* exceeded 50 net tons and, presumably for that reason, the demurrer was sustained with leave to amend.

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]All further statutory references, except where otherwise indicated, are to the Revenue and Taxation Code.

[2]Section 209.5 provides: "All right, title or interest in or to any vessel of more than 50 tons burden or 100 tons displacement, and the materials and parts held by the builder of the vessel at the site of construction for the specific purpose of incorporation therein, shall be exempt from taxation except for state purposes, while the vessel is under construction within this State."

. Thereafter appellants filed the instant complaint setting forth three separate grounds for relief. It was first alleged, in substantially the same terms as had been used in the first complaint, that the *Janet Ann* was exempt from taxation under section 209.5. Second, it was alleged in substance that the vessel should have received preferential assessment under section 227[3] and that appellants had been denied equal protection when the vessel was not so assessed. It was finally alleged that section 209.5, if interpreted in the manner suggested by the county, would also deprive appellants of equal protection. The county's demurrer to the amended complaint was sustained with leave to amend. Appellants elected not to amend and the action was ordered dismissed. This appeal ensued.

Appellants first assert that their amended complaint states a cause of action for relief under section 209.5. The county disagrees. The argument concerns the meaning of the term "tons burden" as used in the cited statute. Appellants argue that the term should be interpreted as meaning "gross tons," while the county contends that it means "net tons." The term "tonnage" as here used by the parties refers to the volume of a vessel, and not to its weight. The *gross* tonnage of a ship is the total cubic capacity of its interior space. *Net* tonnage is determined by deducting from gross tonnage the amount of all space occupied by machinery,

---

[3]Section 227 currently provides:

"A documented vessel, as defined in Section 130, shall be assessed at 1 percent of its full cash value only if the vessel is engaged or employed exclusively:

"(a) In the taking and possession of fish or other living resource of the sea for commercial purposes;

"(b) In instruction or research studies as an oceanographic research vessel; or

"(c) In carrying or transporting seven or more people for hire for commercial passenger fishing purposes.

"This section shall become operative on the lien date in 1975 and shall remain in effect only until March 2, 1979, and as of such date is repealed, unless a later enacted statute which is chaptered before March 2, 1979, deletes or extends such date."

On the lien date in 1972, section 227 provided:

"A documented vessel, as defined in Section 130, shall be assessed at one percent (1%) of its full cash value only if:

"(a) The port of documentation is in this state.

"(b) The vessel is engaged or employed exclusively:

"(1) In the taking and possession of fish or other living resource of the sea for commercial purposes, or

"(2) In instruction or research studies as an oceanographic research vessel."

Section 130 provides in pertinent part: "(b) 'Documented vessel' means any vessel which is required to have and does have a valid marine document issued by the Bureau of Customs of the United States or any federal agency successor thereto, except documented yachts of the United States, or is registered with, or licensed by, the Department of Motor Vehicles. 'Documented vessel' does not include any vessel exempt from taxation under subdivision (1) of Section 3 of Article XIII of the Constitution of the State of California."

crew's quarters, and the like. (46 U.S.C.A. § 77; see *Kiessig* v. *County of San Diego* (1942) 51 Cal.App.2d 47, 52 [124 P.2d 163].) Since appellants did not allege that the *Janet Ann* was of more than 50 net tons (her net is apparently 33 tons), the meaning to be assigned to the term "tons burden" will determine whether a cause of action has been stated.

It is necessary at the threshold to view section 209.5 in context. Article XIII, section 3(*l*) of the California Constitution creates an exemption from property taxation for "[v]essels of more than 50 tons burden in this State and engaged in the transportation of freight and passengers." Section 209 provides that the exemption of certain vessels from taxation is as specified in the constitutional provision. The purpose of this exemption is to assist the shipping industry of this state. (*Alalunga Sport Fishers, Inc.* v. *County of San Diego* (1967) 247 Cal.App.2d 663, 667 [55 Cal.Rptr. 875].) Section 209.5, the statute here in issue, provides an additional exemption for vessels of more than 50 tons burden while under construction. The Legislature's main purpose in creating this latter exemption was to promote the health of California's economy by stimulating ship construction. (Stats. 1958, First Ex. Sess., ch. 48, § 2, p. 251; Stats. 1959, ch. 283, § 1, p. 2190.)

In *Kiessig* v. *County of San Diego, supra,* 51 Cal.App.2d 47, a controversy arose concerning the meaning of the term "tons burden" as employed in the above-quoted constitutional provision. (Then art. XIII, § 4.) The court determined that the disputed term was a technical one and should be given its technical meaning. Relying on case law and particularly upon the provision of the federal shipping act which defines "tonnage" (46 U.S.C.A. § 77), the court held that the term "tons burden" meant "net tons." (*Kiessig* v. *County of San Diego, supra,* 51 Cal.App.2d 47, 54.) This compels the conclusion that the same term as used in section 209.5 also means "net tons." Present section 209.5 was enacted in 1958 and was amended into its current form in 1959. (Stats. 1958, First Ex. Sess., ch. 48, § 2, p. 251; Stats. 1959, ch. 283, § 1, p. 2190.) ■ It is an established principle of statutory construction to presume that the Legislature, when it enacts a statute, is aware of judicial interpretations of related statutes and enacts the new statute in the light thereof. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 93 [8 Cal.Rptr. 56].) ■ In the light of *Kiessig,* had the Legislature intended the term "tons burden" to mean something other than "net tons" when it enacted section 209.5, it presumably would have said so.

Appellants further argue that the trial court erred in failing to give them the opportunity to produce evidence that maritime usage and custom with respect to the calculation of tonnage changed after *Kiessig* and before the enactment of section 209.5. They state that a special usage exists for calculating the tonnage of fishing vessels, and that the tonnage of vessels undergoing construction is ordinarily figured in gross tons. Suffice it to say that the existence of these usages was not alleged in appellants' complaint. ■ In ruling on a demurrer, the only issue involved is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action. (*Griffith* v. *Department of Public Works* (1956) 141 Cal.App.2d 376, 381 [296 P.2d 838].)

It is therefore unnecessary, at this point, to consider whether evidence of usage and custom would require a departure from the holding of *Kiessig*. In the absence of such allegations, and given the clear holding of *Kiessig*, the trial court was justified in concluding that appellants had not pleaded facts constituting a cause of action under section 209.5.

■ As a purported separate cause of action, appellants alleged in substance that section 209.5, if applied in the manner contended for by the county, would deprive them of equal protection of the laws. Although the allegations respecting this count are somewhat confusing, they appear to set forth the proposition that it would be unreasonable to deny appellants the exemption provided by the disputed statute while granting it to the owners of larger boats.

There is no basis in law for this claim. ■ A distinction between classes drawn by a tax statute will survive an equal protection challenge if it is shown to rest upon some ground of difference having a fair and substantial relation to the object of the statute. (*Haman* v. *County of Humboldt* (1973) 8 Cal.3d 922, 926-927 [106 Cal.Rptr. 617, 506 P.2d 993].) As has been stated, the Legislature's main purpose in enacting section 209.5 was to promote the economic well-being of the state by stimulating ship construction. The Legislature could have rationally concluded that this purpose would best be served if the tax exemption were restricted to vessels of a certain size. Moreover, it was said in *Alalunga Sport Fishers, Inc.* v. *County of San Diego, supra*, 247 Cal.App.2d 663, that the 50-ton limit as used in then article XIII, section 4, did not offend equal protection principles. (*Id.*, at p. 666.) ■ It is thus evident that appellants have no ground for asserting that a denial of equal protection results from the statute here under review.

■ The remaining cause of action set forth in appellants' complaint was for relief under section 227. That statute, as it existed on the lien date in 1972, permitted a "documented vessel" to be assessed at 1 percent of its full cash value if the vessel was "engaged or employed exclusively" in commercial fishing or oceanographic research.[4] Appellants assert that, under the allegations of their complaint, the *Janet Ann* was entitled to this form of preferential assessment.

It is at once evident that appellants failed to plead that their vessel complied with the requirements set forth in section 227. It was not alleged that the vessel was documented; in fact, it was averred that the ship was not and could not be documented until it was completed. Beyond this, appellants did not allege their vessel was engaged or employed in fishing activity. It was merely asserted that the vessel was intended to be used in fishing and has been so used since its completion. This is not a sufficient allegation. According to an opinion of the Attorney General, a vessel cannot be said to be engaged in commercial fishing while it is being built. (54 Ops.Cal.Atty.Gen. 98, 102.) This conclusion is in accordance with the rule that "statutes granting exemption from taxation are strictly construed to the end that such concession will be neither enlarged nor extended beyond the plain meaning of the language employed." (*Cedars of Lebanon Hosp.* v. *County of L. A.* (1950) 35 Cal.2d 729, 734 [221 P.2d 31, 15 A.L.R.2d 1045]; 54 Ops.Cal.Atty.Gen. 98, 100.)

The complaint further alleged that appellants were deprived of equal protection of the laws by being denied preferential assessment under section 227. The theory of this allegation appears to be that it is unreasonable to withhold preferential assessment from a vessel which is intended to be used in the fishing trade and which is so used when completed simply because it lacked documentation and was not ready to fish when taxed.

■ This equal protection argument, like that made concerning section 209.5, is without merit. As has been stated previously, a distinction between classes created by a tax statute does not offend equal protection principles if it rests upon some ground of difference having a fair and substantial relation to the object of the statute. (*Haman* v. *County of Humboldt, supra,* 8 Cal.3d 922, 926-927.) Considerations of

---

[4]At the time the tax on appellants' vessel was levied, section 227 required that the vessel's port of documentation be in this state. (See fn. 3, *ante.*) This requirement was invalidated on equal protection grounds in *Haman* v. *County of Humboldt, supra,* 8 Cal.3d 922, 927-928, 929.

administrative convenience may supply the required justification. (*Id.,* at p. 926.) A main object of section 227 is to aid California's fishing industry. (*Haman* v. *County of Humboldt, supra,* 8 Cal.3d 922, 928.) The requirements that a vessel, to be entitled to preferential assessment, must be documented and must be engaged in fishing, are obviously useful in ensuring that section 227 achieves its stated purpose. No ground for an equal protection challenge to section 227 has been shown to exist.

In view of this disposition, it is unnecessary to consider other points raised by respondent.

The order of dismissal is affirmed.

Rattigan, Acting P. J., and Christian, J., concurred.