FERRY *v.* RAMSEY ET AL.

HARRIS, EXECUTOR, *v.* RAMSEY ET AL.

Nos. 407 to 418, inclusive.   Argued April 25, 1928.—Decided May 14, 1928.

*Messrs. J. B. McKay* and *L. J. Bond* were on the brief for Ferry.

Want of knowledge being a defense, the defendant in an action of this kind has the right to prove want of knowledge, and the effect of the statute creating against the officer a conclusive presumption of knowledge, is to

deprive the officer of property without due process of law. 12 C. J., p. 1233; 6 R. C. L., 462; *Railway Co.* v. *Simonson,* 64 Kans. 802; *Petersilie* v. *McLachlin,* 80 Kans. 176; *McFarland* v. *American Sugar Co.,* 241 U. S. 79; *Shellebarger Elevator Co.* v. *Ill. Cent. R. Co.,* 278 Ill. 333.

The statute attempts to establish rules of evidence under which the depositor may prove his case against the directors. It does not enact a rule of substantive law. To give the statute the effect which the Kansas Court announces, the statute would have to read that every director shall be liable to depositors if he fails to make an examination of the bank. The liability is based upon assent after knowledge of insolvency, and the conclusive presumption raised is a method provided for proving knowledge. Conceding for the moment the power of the legislature to establish a rule of absolute liability upon the part of a director who failed to examine, it is plain that the legislature had no intention of so doing. What the legislature did intend was to make it easier for the depositor to prove his case. *Schlesinger* v. *Wisconsin,* 270 U. S. 230.

And the legislature cannot impose upon a director liability on the ground that he would have had knowledge of the true condition of the bank had he made an examination, when the fact is such examination would not have disclosed the condition of the bank.

If the statute be treated as a rule of substantive law, it at the most imposes a civil liability to compensate the depositors for loss resulting from the failure of the director to perform the duty imposed by the statute, to examine the bank. Such a statute would be unconstitutional because of being unreasonable and arbitrary in placing such a liability upon the directors without regard to whether such neglect of duty to examine occasioned the loss or not. If an examination into the affairs of the bank would not have shown its true condition, then to

award compensatory damages to the depositors because of the failure to examine, is to take the property of the directors without due process of law, because their neglect had no causal relation to the injury. 29 Cyc., 439; *Hodgson* v. *Dexter,* 12 Fed. Cas. 6565, affirmed, 1 Cranch 345.

The statute very positively creates not a " mere *prima facie* presumption," but a conclusive presumption against a director who does not examine.

Section 9–164 is, we contend, also violative of the Fourteenth Amendment, but for a somewhat different reason. It is the rule as stated in many of the authorities, that even a *prima facie* presumption cannot be created where there is no rational or logical connection between the fact upon which the presumption is to rest and the fact to be proved. The existence of the established fact must reasonably tend to raise an inference of the main fact. Now how can it be said that the fact that a bank is insolvent reasonably tends to raise an inference that its officers assented to its receiving deposits? Ordinarily courts do not assume that persons intend to violate the law. *McFarland* v. *American Sugar Co.*, 241 U. S. 79.

The statute here provides that proof of insolvency shall constitute *prima facie* evidence not only of knowledge, but of assent. Therefore, inasmuch as assent is based in part upon knowledge, the statute provides for a presumption upon a presumption. One presumption cannot be based on another presumption. *Railroad Co.* v. *Baumgartner,* 74 Kans. 148; *United States* v. *Ross,* 92 U. S. 281; *Manning* v. *John Hancock Ins. Co.,* 100 U. S. 693; *Cunard Co.* v. *Kelley,* 126 Fed. 610; 10 R. C. L., 870; *Duncan* v. *Railroad,* 82 Kans. 230.

To provide that knowledge and assent are to be presumed from insolvency is to say that proof of insolvency presumes knowledge, and from this presumption of knowledge, assent is presumed. This cannot be legally done. *Simpkins* v. *State,* 249 Pac. 168.

*Mr. S. M. Brewster,* with whom *Messrs. John L. Hunt* and *Bruce A. Campbell* were on the brief, for Harris.

Section 9–164, Revised Statutes of Kansas, is unconstitutional as a violation of the Fourteenth Amendment, because it seeks to create a *prima facie* presumption of assent by proof of a fact entirely unrelated to the main fact sought to be established. *Railway Co.* v. *Turnipseed,* 219 U. S. 35; *Hawes* v. *Georgia,* 285 U. S. 1; *Manning* v. *John Hancock Ins. Co.,* 100 U. S. 693; *Luria* v. *United States,* 231 U. S. 9; *McFarland* v. *American Sugar Co.,* 241 U. S. 79; *Bailey* v. *Alabama,* 219 U. S. 219. And because it deprives plaintiff in error and his decedent's estate of property without due process of law by creating a presumption which is based upon a presumption. 5 C. J. 811; *Welch* v. *Sackett,* 12 Wis. 243; *Jewell* v. *Jewell,* 84 Me. 304; *Hanscom* v. *Home Ins. Co.,* 92 Me. 333; *Patterson* v. *Stewart,* 41 Minn. 84; 22 C. J. 84; *Railroad Co.* v. *Baumgartner,* 74 Kans. 148; *United States* v. *Ross,* 92 U. S. 281; *Manning* v. *John Hancock Ins. Co.,* 100 U. S. 693; *Cunard Steamship Co.* v. *Kelley,* 126 Fed. 610; *Duncan* v. *Railroad Co.,* 82 Kans. 230; 10 R. C. L. 870.

Section 9–163 violated the Fourteenth Amendment in that it required the decedent to do the impossible, and because it creates a conclusive presumption of knowledge on account of failure to examine the bank. *Bailey* v. *Alabama,* 219 U. S. 219; Cooley, Const. Lim., 5th ed., p. 453; *Choctaw O. & G. R. Co.* v. *Harrison,* 235 U. S. 292; *Galveston H. & S. A. R. Co.* v. *Texas,* 210 U. S. 217; *L. & N. Ry. Co.* v. *Melton,* 218 U. S. 36; *Luria* v. *United States,* 231 U. S. 9; *Milheim et al.* v. *Moffatt Tunnel Dist.,* 262 U. S. 710; *Meyer* v. *Berland,* 39 Minn. 438; *McFarland* v. *American Sugar Co.,* 241 U. S. 79; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557; *Railroad Co.* v. *Simonson,* 64 Kans. 802; *Railway Co.* v. *Payne,* 83 Ark. 816; *Railway Co.* v. *Parks,* 32 Ark. 131; *Railway Co.* v. *Turnipseed,* 219 U. S. 35; *Schlesinger* v. *Wisconsin,* 270 U. S.

230; *Vega S. S. Co.* v. *Elevator Co.*, 75 Minn. 308; *Yee Hem* v. *United States*, 260 U. S. 178; *Ziegler* v. *Railroad Co.*, 58 Ala. 599.

*Mr. Karl M. Geddes,* with whom *Messrs. John J. Jones* and *B. R. Leydig* were on the brief, for defendants in error.

The statutes are an exercise of the police power and do not contravene the Fourteenth Amendment. *Noble State Bank* v. *Haskell,* 219 U. S. 108; *Id.* 571; *Whitman* v. *Nat'l Bank,* 176 U. S. 559; *Jones Nat'l Bank* v. *Yates,* 240 U. S. 541.

The right to conduct business in the form of a corporation, is a creature of law, and a State in authorizing corporations to carry on business may qualify the privilege by imposing such conditions as reasonably may be deemed expedient. *L. & N. R. R. Co.* v. *Melton,* 218 U. S. 36; *Missouri ex rel. Herwitz* v. *North et al.,* 271 U. S. 40; *Zucht* v. *King et al.,* 260 U. S. 174; *Hess* v. *Pawloski,* 274 U. S. 352; *Buck* v. *Bell,* 274 U. S. 200; *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 465; *Tinsley* v. *Anderson,* 171 U. S. 101; *Williams* v. *Eggleston,* 170 U. S. 304; *Western Turf Ass'n* v. *Greenburg,* 204 U. S. 359; *Magoun* v. *Illinois Savings Bank,* 170 U. S. 294; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557; *Minnesota Iron Co.* v. *Kline,* 199 U. S. 593; *Railway Co.* v. *Matthews,* 165 U. S. 1; *Barbier* v. *Connolly,* 113 U. S. 27; *Whitman* v. *Nat'l Bank,* 176 U. S. 559; *Prudential Ins. Co.* v. *Cheek,* 257 U. S. 530.

When a litigant has had full opportunity in the state courts to present his defense, there has been a full compliance with the Fourteenth Amendment, and he has not been denied due process of law.

The presumption of fact specified in the Kansas law, is not violative of any provision of the Fourteenth Amendment. A State may declare proof of one fact pre-

sumptive evidence of another if there is rational connection between them. *James-Dickinson Mortgage Co.* v. *Harry,* 273 U. S. 119; *Hawes* v. *Georgia,* 258 U. S. 1.

MR. JUSTICE HOLMES delivered the opinion of the Court.

These writs of error are brought by Ferry, formerly a director of the Butler County State Bank, of Kansas, and by the executor of a deceased director, to set aside judgments against them in suits by depositors in the bank, on the ground that the statutes of Kansas purporting to establish the directors' liability were contrary to the Fourteenth Amendment of the Constitution of the United States. The statutes were upheld by the State Court. 122 Kans. 675. *Ibid.* 691.

The plaintiffs, (the defendants in error,) made deposits in the bank at a time when it was insolvent but had not closed its doors. The statutes under which the directors were held liable to depositors and which are attacked here are Revised Statutes of Kansas, 1923, Chapter 9, ¶¶ 163, 164. The former of these makes it unlawful for any director to assent to the reception of deposits by his bank after he shall have had knowledge of the fact that it is insolvent. The law makes it the duty of the directors to examine into the affairs of the bank, and, if possible, to know its condition, and in case of his failure to do as required, he is to be held to have had knowledge of the insolvency of the bank, and is made ' individually responsible for such deposits so received.' By 9–164, in suits for deposits against officers " the fact that such banking institution was so insolvent or in failing circumstances at the time of the reception of the deposit charged to have been so received . . . shall be prima facie evidence of such knowledge and assent to such deposit . . . on the part of such officer . . . so charged therewith." It is said that 163 denies due pro-

cess of law by creating a conclusive presumption of knowledge from ignorance and by implying that the director knowingly assented to a deposit that he should not have received, of which in fact he knew nothing. As to 164 it is said that facts are made prima facie evidence of other facts that they have no rational tendency to prove. The law as construed by the Supreme Court of Kansas meets its severest test in the cases against the executor of Kramer, because Kramer, although not so ignorant or incapable of knowledge as thought by the Court of first instance, was seriously ill at the time of the deposits and seemed to have much to be said in his behalf, if the actual state of his knowledge had any relevancy as an excuse.

It is said that the liability is founded by the statute upon the directors' assent to the deposit and that when this is the ground the assent cannot be proved by artificial presumptions that have no warrant from experience. But the short answer is that the statute might have made the directors personally liable to depositors in every case, if it had been so minded, and that if it had purported to do so, whoever accepted the office would assume the risk. The statute in short imposed a liability that was less than might have been imposed, and that being so, the thing to be considered is the result reached, not the possibly inartificial or clumsy way of reaching it. If without any mention of assent or presumptions or prima facie evidence the statute had said: 'Every director of a bank shall be personally liable to depositors for every deposit accepted by the bank after it has become insolvent,' all objections would be met by the answer, 'You took the office on those terms.' The statute would be none the worse if it allowed a defence in the single case of the defendants having made an honest examination and having been led to believe that the bank was solvent. The mention of assent and evidence of knowledge cannot be pressed to conclusions that the statute manifestly does

not allow. The conclusions that, as construed by the State Court, it does impose, it imposes however much it may cut down the significance of the assent or knowledge to which it refers. As a matter of law there is nothing new in charging a party with knowledge of what it is his duty to know, in this case the insolvency of the bank, or with assent to deposits that he must expect while the bank's doors remain open. But the essential thing is that, whether in a roundabout or a perfectly natural way, the statute has said if you take the office you must take the consequences of knowledge whether you have it or not. In most contracts men take the risk of events over which they have imperfect or no control. The acceptance of a directorship is as voluntary an act as a contract.

The Supreme Court of Kansas affirmed judgments against Ferry and reversed judgments in favor of the executor of Kramer based on Kramer's incapacity to know of or assent to the deposits in question and ordered judgments against him. In so doing it violated no provision of the Constitution of the United States.

*Judgments affirmed.*

Mr. Justice Sutherland, dissenting.

In respect of the prima facie presumption created by § 9–164 of the Kansas statute, I am unable to agree with the opinion of the Court insofar as that section affects the cases against Harris, Executor of the Will of Kramer, deceased. The evidence shows very clearly that, at the time the deposits in question were made and for a long time prior thereto, Kramer was physically incapable of investigating and ascertaining the condition of the bank, or of assenting to the reception of deposits by the bank, because of his serious illness which resulted in his death after undergoing a major surgical operation. It was substantially so found by the jury in one of the cases and by the trial court in the others. Under these circumstances,

the application of the statutory presumption was obviously injurious. Section 9–163 provides that it shall be unlawful for any president, director, etc., to assent to the reception of deposits, etc., after he shall have had knowledge of the fact that the bank is insolvent. Section 9–164, which creates the objectionable presumption, provides that "the fact that such banking institution was so insolvent or in failing circumstances at the time of the reception of the deposit charged to have been so received . . . shall be prima facie evidence of such . . . assent to such deposit . . . on the part of such officer . . . ." Of course, the state may provide that proof of one fact shall be prima facie evidence of another; but this can be done consistently with the due process of law clause of the Fourteenth Amendment only where there is a rational relation between the two facts. *Bailey* v. *Alabama*, 219 U. S. 219, 238; *McFarland* v. *American Sugar Co.*, 241 U. S. 79, 86. In the latter case this Court said, quoting from *Mobile, J. & K. C. R. R.* v. *Turnipseed*, 219 U. S. 35, 43:

" It is ' essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.' "

To me it seems clear that there is no rational relation between the fact of insolvency and the fact here presumed, namely, assent to the reception of a particular deposit. Rather, the rational presumption is the other way, since the law itself requires that an insolvent bank shall not receive deposits; and the assent of the director thereto would be an assent to a violation of law. I do not quarrel with the suggestion that it was within the constitutional power of the state to create an absolute liability against a director if, while insolvent, the bank of which he is a director receive a deposit. But this the state did not do.

Instead, it adopted a statute creating a liability only in case the director *assents* to the deposit; and I should have supposed the liability of the director must be measured by what the state has enacted and not by what it had the power to enact. Under such a statute, without more, it is perfectly plain that proof by the state of such assent would be necessary. But here the state by legislative fiat substituted for such proof on its part the prima facie presumption set forth. It was said that the bank was open and doing business and that it is a reasonable presumption from that fact that assent was given to the receipt of particular deposits. But we are dealing with a specific statutory provision and must take it as we find it; and by that provision the general transaction of business by the bank at the time it received the particular deposits is not made the basis of the statutory presumption. If it were, a different question would be presented. Under these circumstances, as it seems to me, the rule, requiring a rational connection between the fact proved and the ultimate fact to be presumed therefrom, plainly applies; and consequently the statutory provision in question is void.

MR. JUSTICE BUTLER and MR. JUSTICE SANFORD concur in this opinion.