(No. 41419.—

THE CITY OF CHICAGO, Appellee, *vs.* FRANK D. MULKEY et al., Appellants.

*Opinion filed March 24, 1970.*

GORDON H. S. SCOTT and ANTHONY J. MURRAY, JR., both of Chicago, for appellants.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and RICHARD F. FRIEDMAN, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the defendants, Frank D. Mulkey and Louis Ray Bradberry, were found guilty of possession of burglar's tools in violation of section 193.10 of the Municipal Code of Chicago, and each defendant was fined $200. Prior to the trial the defendants filed a motion to dismiss the complaint on the ground that the section of the code under which they were prosecuted was unconstitutional. The motion was denied. At the trial the evidence established that at the time of their arrest the defendant Mulkey was carrying a pry bar, a file, and two screwdrivers, and the defendant Bradberry was carrying a pocket knife, a flashlight, a pair of pliers and a pair of gloves. On this direct appeal the defendants renew their contention that the ordinance is unconstitutional.

Section 193.10 of the Municipal Code of Chicago provides: "It shall be unlawful for any person to have in his possession any nippers of the description known as burglar's nippers, pick lock, skeleton key, key to be used with a bit, jimmy, or other burglar's instrument or tool of whatsoever kind or description, unless it be shown that such possession is innocent or for a lawful purpose, under a penalty of not less than one hundred dollars nor more than two hundred dollars for each offense."

The defendants, citing *Manley* v. *Georgia* (1929), 279 U.S. 1, 73 L. Ed. 2d 575, 49 S. Ct. 215, *Morrison* v. *California* (1934), 291 U.S. 82, 78 L. Ed. 664, 54 S. Ct. 281, and *Tot* v. *United States* (1943), 319 U.S. 463, 87 L. Ed. 1519, 63 S. Ct. 1241, contend that the ordinance places upon them "the burden of proving their possession of tools to be for an innocent or lawful purpose" and therefore vio-

lates the fourteenth amendment to the Federal constitution.

In this court the city argues that the "three conditions that must be satisfied to sustain such a conviction are: '(1) adaptation and design of the tool or implement for breaking and entering; (2) possession thereof by one with knowledge of its character; (3) intent to use and employ such tool or implement in breaking and entering.' * * * The third element that the prosecution must show is the one which distinguishes the criminal from the innocent. The home-owner, handy man, maintenance or repair man may carry tools that fall within the first two elements. But the tools these people carry do not fall within the prohibition of the ordinance because the third element of the test is not satisfied. Ordinary tools become burglary tools only when circumstances show that their owner's actions satisfy the third element of the test—when the owner intends to use them for illegal purposes."

The city thus contends in this court that the ordinance requires it to prove that the tools were possessed with intent to use them illegally. But that is not what the ordinance says. Its language stands in sharp contrast to the comparable provision of the Criminal Code, which states: "Whoever possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building, * * * with intent to enter any such place and with intent to commit therein a felony or theft shall be imprisoned in the penitentiary from one to 2 years." Ill. Rev. Stat. 1967, ch. 38, par. 19—2.

Moreover, the position taken by the city in this court is not the position that was taken by the city in the trial court. There the assistant corporation counsel who tried the case argued: "In a quasi-criminal case, that is frankly a civil case, we don't care about intent or anything else, just what the purpose of these tools would be." And we note that with respect to other conduct prohibited by chapter 193 of the Municipal Code, when intent was a required element

of the offense it was so stated, as in section 193.30: "No person shall carry or possess with intent to use the same unlawfully against another a dagger, dirk, billy, dangerous knife, razor, stilletto or other dangerous or deadly weapon."

We are of the opinion, therefore, that the ordinance must be construed to mean what it says, and that its validity must be determined upon that basis. So considered, we are of the opinion that the ordinance is invalid. (See *Benton* v. *United States* (D.C. cir. 1956), 232 F.2d 341; Preliminary draft of proposed Rules of Evidence for the U.S. District Courts, pp. 43-47.) If the ordinance is measured by the test suggested by Mr. Justice Holmes in *Ferry* v. *Ramsey* (1928), 277 U.S. 88, 72 L. Ed. 796, 48 S. Ct. 443, its validity is not aided because it would hardly be contended that the city could validly prohibit the possession of tools of the kind here involved under all circumstances. And if the ordinance is measured in terms of the existence of a logical inference from the possession of tools of the type involved in this case to the fact that those tools were to be used in a burglary, the ordinance must similarly fall. There is no rational connection in common experience between the basic fact of possession and the inference which the ordinance would draw therefrom. Indeed, the city's argument concedes as much.

It is true that considerations of comparative convenience relating to the production of evidence to establish the purpose for which the tools were to be used argues in favor of the validity of the ordinance. But the offense involved in this case is punishable by a fine, with an added provision for imprisonment if the fine is not paid. Whether the case is for that reason to be labeled as "civil," "criminal" or "quasi-criminal" is of no consequence. We are aware of no case involving potential imprisonment in which a presumption of the kind involved in this case has been sustained solely upon the ground of comparative convenience. If comparative convenience standing alone was sufficient to sustain

562

the validity of such a presumption, the convictions in *Leary* v. *United States* (1969), 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532, and *Turner* v. *United States* (1970), 396 U.S. 398, 24 L. Ed. 610, 90 S. Ct. 642, 38 U.S.L.W. 4103, would not have been reversed.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*