[Civ. No. 61207. Second Dist., Div. Five. Dec. 15, 1981.]

DEREK GRENON FERGUSON, a Minor, etc., Plaintiff and Appellant, v.
THOMAS FERGUSON, Defendant and Respondent.

**COUNSEL**

Robert James Smith for Plaintiff and Appellant.

Kelton Lee Gibson and Myers & Widders for Defendant and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—This is an appeal from a summary judgment for defendant in a paternity action; the action was filed June 20, 1979, and judgment entered August 5, 1980. Derek is the minor who seeks to establish Thomas as his natural father. Derek's mother is Shirley, and at the time of Derek's conception and birth she was lawful-

ly married to Robert[1] and cohabiting with him. The issue to be determined is whether Derek was entitled to obtain an HLA test of Thomas and to produce the result in evidence if it established paternity. The trial court had denied without prejudice motions to obtain such evidence, concluding that the presumption of Robert's paternity made such evidence immaterial.

We affirm the judgment. As we have noted, judgment in this case was rendered August 5, 1980. The applicable law as of that date was contained in Evidence Code section 621, which read: "Notwithstanding any other provision of law, the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage."

This legislative declaration is really not a presumption but a rule of substantive law. (*Jackson* v. *Jackson* (1967) 67 Cal.2d 245, 247 [60 Cal.Rptr. 649, 430 P.2d 289].)

Except where the conclusive rule is applicable, scientifically reliable blood tests are admissible when used to *exclude* paternity. (*Dodd* v. *Henkel* (1978) 84 Cal.App.3d 604, 608 [148 Cal.Rptr. 780].)

Derek argues that the 1980 amendment, effective September 30, 1980, is applicable in his case. That amendment changed Evidence Code section 621 so that it read as follows:

"(a) Except as provided in subdivision (b), the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage.

"(b) Notwithstanding the provisions of subdivision (a), if the court finds that the conclusions of all the experts, as disclosed by the evidence based upon blood tests performed pursuant to Chapter 2 (commencing with Section 890) of Division 7 are that the husband is not the father of the child, the question of paternity of the husband shall be resolved accordingly.

"The notice of motion for blood tests under this subdivision shall only be raised by the husband and shall be raised not later than two years from the date of birth of the child.

---

[1]Subsequent to Derek's birth Shirley and Robert's marriage was dissolved.

"The notice of motion for the blood tests pursuant to this subdivision must be supported by a declaration under oath submitted by the moving party stating the factual basis for placing the issue of paternity before the court. This requirement shall not apply to any case pending before the court on the effective date of the amendment to this section adopted at the 1979-80 Regular Session of the Legislature.

"The provisions of this subdivision shall not apply to any case which has reached final judgment of paternity on the effective date of the amendment to this section adopted at the 1979-80 Regular Session of the Legislature."

In amending section 621, the Legislature declared:

"This act is an urgency statute, necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting such necessity are:

"In order to avoid the unjust application of the conclusive presumption contained in Section 621 of the Evidence Code to existing situations, it is necessary that this act go into immediate effect." (Stats. 1980, ch. 1310, § 2, p. 4434.)

Thomas counters with the argument that the effective date of the amendment was subsequent to the rendition of judgment and is therefore inapplicable. We agree with Derek that the amended section contains the applicable provisions (and to this limited extent it is retroactive) for the *judgment* is not final; this does not help Derek, however.

As noted, section 621 permits only the husband to make the motion for blood tests. As noted, in the instant case he is not the movant. Nor can it be successfully argued that there is no public policy served by such limitation. Not to attempt to consider all possible third party situations in an action to establish paternity, but rather restricting ourselves to the facts of the instant case, the result, if Derek is permitted to attack his family's integrity, effectively charges his mother with infidelity and adultery and changes his status from legitimate to illegitimate as well as deprecating his legal father. We see no constitutional right for

the child to choose his parents, regardless of the financial or other benefits which, to the minor, might be advantageous.[2]

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 24, 1982. Kaus, J., did not participate therein.

---

[2]We have heretofore discussed public policy in *In re Marriage of B.* (1981) 124 Cal.App.3d 524, 529-530 [177 Cal.Rptr. 429], and *Vincent B. v. Joan R.* (1981) *ante*, p. 619 [179 Cal.Rptr. 9], and it needs no repetition here.

As stated in *Keaton v. Keaton* (1970) 7 Cal.App.3d 214, 215-216 [86 Cal.Rptr. 562]: "Section 621 codifies a centuries-old principle that the integrity of the family, when husband and wife are living together as such, should not be impugned. The husband is deemed responsible for his wife's child if it is conceived while they are cohabiting; he is the *legal* father and the issue of biological paternity is irrelevant." (Original italics.)