Marvin HANBERG, Appellant (Employee-Claimant),

v.

WORLD WIDE CONSTRUCTION, Appellee (Employer-Defendant),

v.

The STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector-Defendant).

No. 87–5.

Supreme Court of Wyoming.

Aug. 14, 1987.

108

Terry J. Harris, Cheyenne, for appellant.

Douglas J. Moench, Jr., Cheyenne, for appellee World Wide Const.

Joseph B. Meyer, Atty. Gen., Susan Maher Overeem, and Josephine T. Porter, Asst. Attys. Gen., for appellee State of Wyoming ex rel. Wyoming Workers' Compensation Div.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order which terminated worker's compensation benefits pursuant to § 27–12–412, W.S.1977, because appellant Marvin Hanberg persisted in an unsanitary or injurious practice.

We affirm.

The only question to be considered by this Court is whether the district court properly terminated appellant's benefits because he failed to report to an alcohol detoxification program as the district court had ordered.

Some seven years after appellant's compensable injury, the employer objected to additional benefits. After a hearing, the district court found that appellant's alcohol problems retarded his recovery. Instead of terminating benefits at that time, the court ordered appellant to enter an alcohol detoxification program. The worker's compensation division arranged for appellant's admission and directed him to contact the division if the schedule caused him any problems. Appellant not only failed to report as directed but did not report any conflict to the division. Instead, he mentioned to the deputy clerk of court that he would not report for treatment because he had a job. After another hearing, the district court terminated appellant's benefits, finding that his failure to report to the detoxification program constituted "an unsanitary or injurious practice which tend[ed] to imperil or retard his recovery." Section 27–12–412.

Under § 27–12–604(d), W.S.1977, the district court has the authority to disallow compensation "as the law and evidence may warrant." It follows that the court may also impose reasonable conditions on the payment of the claim. The power to do the greater includes the power to do the lesser. *Ferry v. Ramsey*, 277 U.S. 88, 48 S.Ct. 443, 72 L.Ed. 796 (1928); *Kane v. Kane*, Wyo., 577 P.2d 172 (1978); *Matter of Johnson*, Wyo., 568 P.2d 855 (1977). Thus, the district court acted within its authority in ordering appellant to enter an alcohol detoxification program.

This Court has said that an injurious practice is "something more than an occasional thoughtless or careless act, and must be shown to have been persisted in by the injured workman." *Kittleson v. Hibler*, 37 Wyo. 332, 341, 261 P. 648 (1927). The record reflects that appellant's difficulties with alcohol date back to 1981 and that a number of physicians and therapists recommended control of the alcohol problem to advance his recovery. Thus, sufficient evidence exists to support the district court's determination that appellant's failure to report for the court-ordered treatment without notice to the division was more than an occasional thoughtless or careless act. *Grindle v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 722 P.2d 166 (1986).

The district court did not err in terminating appellant's benefits under § 27–12–412.

Affirmed.

THOMAS, J., filed a concurring opinion.

THOMAS, Justice, concurring.

The court in this case has concluded that the district court had the authority to impose reasonable conditions on the payment of Hanberg's claim. The approved condition was that he enter an alcohol detoxification program in order to continue to receive benefits. I agree that the benefits properly were terminated, but I would place that simply upon the statutory ground found in § 27–12–412, W.S.1977 (June, 1983 Rev.), that the continued use of alcohol manifested persistence "in an unsanitary or injurious practice which tends to imperil or retard his recovery * * *." The district court certainly was justified in terminating the benefits for that reason, but, while commendable, the continuation of benefits premised upon a condition that Hanberg enroll in an alcohol detoxification program, in my judgment, adds to the authority of the district court set forth in the statute and, substantially, constitutes an amendment of the statute. While we have a rule that we liberally interpret the workers' compensation statutes, we also recognize that we do not have the authority to amend those statutes. *LoSasso v. Braun*, Wyo., 386 P.2d 630 (1963); *Barber v. State Highway Commission*, 80 Wyo. 340, 342 P.2d 723 (1959). Consequently, I agree with terminating the benefits, but I would not approve the imposition of the condition for continuing them.